UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EDWARD C.[1] PLAINTIFF

V. CIVIL ACTION NO. 3:25-CV-610-DPJ-ASH

COMMISSIONER OF SOCIAL SECURITY DEFENDANT

ORDER

This Social Security case is before the Court after Plaintiff Edward C. appealed the final decision of the Commissioner of the Social Security Administration (SSA) denying his application for disability benefits. Compl. [1] at 1–2. On July 8, 2026, United States Magistrate Judge Andrew S. Harris entered a Report and Recommendation [14] recommending that the Commissioner's decision be reversed and remanded for additional proceedings under sentence four of 42 U.S.C. § 405(g). R&R [14] at 1. Defendant objected, *see* Obj. [15], and this matter is now fully briefed. *See* Pl.'s Resp. [16]. For the reasons stated below, the Court adopts Judge Harris's recommendation despite the objection.

I. Background

Edward C. sought disability insurance benefits based on medical conditions including back and neck injuries and hip pain. *See* Compl. [1] ¶ 2; ALJ Decision [9] at 26 (noting Plaintiff alleged "chronic neck pain with limited range of motion[,] . . . inability to lift more than five pounds[,] . . . diabetes mellitus and lower back pain when standing and walking for prolonged periods . . . [, and] the use of a[] . . . cane).[2]

---

[1] Consistent with guidance from the Judicial Conference's Committee on Court Administration and Case Management regarding privacy concerns in Social Security cases, the Court will identify Plaintiff only by his first name and last initial. *See* R&R [14] at 1 n.1.

[2] Page numbers follow ECF pagination.

The Administrative Law Judge (ALJ) evaluated Plaintiff's claim under the five-step inquiry to determine whether Plaintiff is disabled. *See* 20 C.F.R. § 404.1520(a); ALJ Decision [9] at 23. At step 2, the ALJ found that Edward C. has the following severe medical impairments: "osteoarthritis; diabetes with neuropathy; and degenerative disc disease." ALJ Decision [9] at 24 (citing 20 C.F.R. § 404.1520(c)). The ALJ determined that these impairments "significantly limit [Plaintiff's] ability to perform basic work activities." *Id.* at 25.

But at step 3, the ALJ found that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* (unaltered). After reviewing Plaintiff's evidence, the ALJ concluded that Edward C. has "the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the individual can occasionally balance, kneel, crawl, stoop, crouch, and climb ramps and stairs. He can never work at heights or around heavy machinery. He can frequently reach overhead with the right upper extremity." *Id.* at 26.

At the final step, the ALJ consulted a vocational expert (VE) and asked "whether jobs existed in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity." *Id.* at 32. Relying on the VE's testimony, the ALJ found that Plaintiff was able to perform the requirements of jobs such as "Office Helper" and "Furniture Rental Consultant." *Id.* Because the ALJ determined Plaintiff can do these jobs, she concluded he is "not disabled." *Id.*

Edward C. filed a written request for review by the Appeals Council (AC) on October 14, 2025. *See* R. [9] at 158. With this request, Plaintiff included a two-page report from a different vocational expert, Karen R. Starr. *See* Starr Rep. [9] at 39–40. The AC acknowledged receipt of this new evidence but denied Plaintiff's request for review. *See* AC Decision [9] at 6. This

denial made the ALJ's decision final, and Edward C. filed his appeal in this Court. *See* Compl. [1] at 1. Edward C. premises his appeal on a single argument—that the AC "erred when it found that rebuttal vocational evidence submitted to it was not new and material evidence" and "the nature of this error is such that it can only be addressed by remanding the case to SSA for further proceedings." Pl.'s Mem. [10] at 1.

Judge Harris recommended reversal and remand for slightly different reasons. *See* R&R [14] at 3–8. Defendant objected, *see* Obj. [15], and the Court now turns to those objections.

## II. Standard

Title 28 U.S.C. § 636(b)(1)(C) governs R&Rs. It requires the Court to "make a de novo determination of those portions of the [R&R] or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court's review must be limited to "those issues to which an objection is made," *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991), and the Court need not "reiterate the findings and conclusions of the magistrate judge," *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

The standard of review in Social Security appeals is narrow: The court asks only whether "(1) the final decision is supported by substantial evidence and (2) . . . the Commissioner used the proper legal standards to evaluate the evidence." *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021) (quoting *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021)). "Substantial evidence is merely enough that a reasonable mind could arrive at the same decision; though the evidence must be more than a scintilla[,] it need not be a preponderance." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012)).

III. Analysis

At this stage, the dispute centers on the explanation, or lack thereof, the AC provided when finding that Plaintiff's new evidence "does not show a reasonable probability that it could change the outcome of the [ALJ's] decision." AC Decision [9] at 6. This dispute requires the Court to revisit the ALJ's decision.

The ALJ relied on VE testimony in making her determination that Edward C. is not disabled. *See* ALJ Decision [9] at 32. The VE, relying on the Dictionary of Occupational Titles[3] (DOT), classified the jobs Edward C. can perform as "unskilled." *Id.* Yet Plaintiff's VE, Karen Starr, disagrees. *See* Starr Rep. [9] at 40. Starr opines that both roles identified for Plaintiff, (Office Helper and Furniture Rental Consultant), are actually "skilled jobs, as they are currently performed in the US economy." *Id.* at 39. As Judge Harris noted, this determination is especially important because at step 5, the Commissioner must consider all factors, including the claimant's "work experience," to determine if the claimant "can make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v); *see* R&R [14] at 6. Yet here, Plaintiff "had no past relevant work" and "is therefore limited to jobs properly characterized as unskilled." R&R [14] at 6; *see* 20 C.F.R. § 404.1568(d)(1). Thus, whether these roles are classified as skilled or unskilled is of great import.

The parties agree the different VE testimony creates "conflicting vocational opinions." Def.'s Resp. [12] at 12; *see* Pl.'s Mem. [10] at 9 (arguing the Starr report "directly contradict[s]

---

[3] As Judge Harris and other courts have noted, the DOT has not been updated since 1991. *See* R&R [14] at 6 n.6; *see Carpenter v. Kijakazi*, No. 21-328, 2022 WL 2712592, at *9 (E.D. La. June 17, 2022) (collecting cases). In fact, the two jobs the VE identified for Plaintiff "were last updated in 1981 and 1986." *Id.* Plaintiff's VE looks instead to the "Occupational Requirements Survey (ORS)[] [and] the O*NET" in addition to the DOT. Starr Rep. [9] at 39. She notes that "Social Security is currently using the ORS and O*NET to update its 'vocational library' given that the DOT has not been updated in years." *Id.*

the testifying VE's evidence in this case"). They disagree, however, on what this conflict requires at this stage. Edward C. argues that the case must be remanded. *See* Pl.'s Mem. [10] at 7–8. Judge Harris agrees, noting the AC provided no explanation for why Plaintiff's new evidence would not change the outcome of the ALJ's decision. *See* R&R [14] at 7. Defendant objects, arguing that the "ALJ's decision remains supported by substantial evidence." Obj. [15] at 1. The Court now turns to this objection.

A. Appeals Council Decision

Defendant says remand is unnecessary because "[t]here was no 'failure' or 'refusal' by the Appeals Council" because the "regulations do not require the Appeals Council to provide a discussion of newly submitted evidence or give reasons for denying review." *Id*. at 2 (citing 20 C.F.R. § 404.970).

At a party's request, the AC will review a case if "[s]ubject to paragraph (b) of this section, the [AC] receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision."[4] 20 C.F.R. § 404.970(a)(5). And Defendant is correct; generally speaking, the regulations do "not require the [AC] to discuss the newly submitted evidence, nor is the [AC] required to give reasons for denying review." *Whitehead v. Colvin*, 820 F.3d 776, 780 (5th Cir. 2016) (citation omitted); *see also Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011) ("Only if the Appeals Council *grants* a request for

[4] In paragraph (b), the regulations state that the AC "will only consider additional evidence under paragraph (a)(5) of this section if you show good cause for not informing us about or submitting the evidence." 20 C.F.R. § 404.970(b). The section then lists several options for showing good cause. *See id.* § 404.970(b)(1)–(3). Yet seemingly without any such showing from Plaintiff, the AC considered the Starr report. *See* AC Decision [9] at 6. Thus, mindful of the limited nature of this Court's review, it will assume Plaintiff showed good cause.

review and issues its own decision on the merits is the Appeals Council required to make findings of fact and explain its reasoning.").

Yet this is not why Judge Harris concluded this case must be reversed and remanded. Relying on *Sun v. Colvin*, Judge Harris reasoned that

> where "new evidence" submitted to the AC "is significant, and casts doubt on the soundness of the ALJ's findings," but the AC's failure to "provide a discussion of th[at] . . . evidence" makes it impossible for the reviewing court "to determine . . . whether substantial evidence supports the ALJ's denial of benefits," remand to the Commissioner "for further fact finding" is appropriate.

R&R [14] at 5 (quoting 793 F.3d 502, 511–12 (5th Cir. 2015)).

In *Sun*, the court found that remand was appropriate when new evidence created "considerable uncertainty that ha[d] not been addressed or resolved by a fact finder below." 793 F.3d at 512. Because without such a record, the reviewing court was "unable to determine, considering the record as a whole, whether substantial evidence support[ed] the ALJ's denial of benefits." *Id*. In so holding, the court emphasized that "[a]ssessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance." *Id.* at 513 (quoting *Meyer*, 662 F.3d at 707); *see also Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) ("Conflicts of evidence are for the Commissioner, not the courts, to resolve."). Thus, because the parties agree that this case involves "conflicting vocational opinions," Def.'s Resp. [12] at 12; *see* Pl.'s Mem. [10] at 9, and this new evidence has not been "addressed or resolved" by a fact finder, Judge Harris concluded that this case should be remanded, *Sun*, 793 F.3d at 512; *see* R&R [15] at 8.

Defendant objects, arguing this "case is distinguishable from cases in which the Appeals Council failed to consider newly submitted evidence or failed to apply the correct legal standard"

because here, the Appeals Council did consider the Starr report and "applied the correct legal standard." Obj. [15] at 3.

While it is true that the AC considered the Starr report, in denying review, it said only that it found "this evidence does not show a reasonable probability that it would change the outcome of the decision." AC Decision [9] at 6. On one hand, the AC does not have to explain its decision to deny review. *See* 20 C.F.R. § 404.970(a)(5); *Whitehead*, 820 F.3d at 780 (holding "it was not error for the Appeals Council to omit a discussion of the [new evidence]"). On the other hand, the Fifth Circuit has identified that when new evidence creates "considerable uncertainty" that is not addressed by a fact finder, the reviewing court may not be able to determine whether the ALJ's decision was supported by substantial evidence. *Sun*, 793 F.3d at 512. Judge Harris concluded that this was such a case, and the Court agrees.

Like in *Sun*, in this case,"[d]espite the significance of this new evidence, no fact finder has made findings regarding [the new evidence] or attempted to reconcile [it] with other conflicting and supporting evidence in the record." 793 F.3d at 513; *see* R&R [14] at 8. Thus, remand is appropriate.

That said, the Court acknowledges the Fifth Circuit's concern that "allowing these kinds of proceedings . . . create[s] improper incentives for attorneys and litigants." *Higginbotham v. Barnhart*, 163 F. App'x 279, 281 (5th Cir. 2006). Indeed, before the ALJ, Plaintiff's representative could have questioned the VE about whether the two jobs identified for Edward C. were properly classified as skilled or unskilled. Yet Plaintiff's representative failed to do so. *See* Tr. [9] at 59–60. Further, Plaintiff could have presented the Starr report to the ALJ, and he offers no explanation for his failure to do so. *See Higginbotham*, 163 F. App'x at 281 (expressing concern about encouraging parties "to hold back some of their evidence in hopes of seeking

reconsideration if proceedings are not initially successful"); *see also* 20 C.F.R. § 404.970(b) (requiring good cause for AC to consider evidence not presented to the ALJ). But the AC did not reject the Starr report. *See* AC Decision [9] at 6. Rather, it said only, "this evidence does not show a reasonable probability that it would change the outcome of the decision." *Id.*

Thus, as Judge Harris concluded, "the Court cannot ignore the holding of *Sun*, under which remand is appropriate in cases [when] the lack of an explanation for rejection of significant evidence by the AC renders it impossible to determine whether the ALJ's decision is supported by substantial evidence considering the record as a whole." R&R [14] at 8 n.7. The Court adopts Judge Harris's well-reasoned recommendation to remand this matter.

IV. Conclusion

The Court has considered all arguments. Those not specifically addressed would not have altered the result. For the foregoing reasons, the Court overrules Defendant's objections and adopts Judge Harris's recommendation to reverse the final decision of the Commissioner and remand this case to the Commissioner for additional proceedings under sentence four of 42 U.S.C. § 405(g).

**SO ORDERED AND ADJUDGED** this the 29th day of September, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE